**514**          MATTER OF ENGEL.

Matter of the Estate of MARTIN ENGEL, Deceased.

(Surrogate's Court, New York County, December, 1919.).

Real property — executors and administrators — when application
for leave to sell real estate denied — Code Civ. Pro. §§ 2702,
2705.

   A decree denying leave to an executor to sell the real estate
of his testator because the application was not made within
eighteen months after the grant of letters testamentary is a
bar to an application subsequently made.

   The amendment (Laws of 1918, chap. 317) to section 2705
of the Code of Civil Procedure did not extend indefinitely the
time within which leave to sell a testator's real estate could be
obtained, and an application by an executor for such leave,
if not made within eighteen months after the grant of letters
testamentary, must be denied.

   Section 2705 of the Code of Civil Procedure, notwithstanding
the amendment of 1918, is still limited and restricted by
section 2702 of said Code.

PROCEEDING upon judicial settlement of the accounts
of an executor.

Isidor Cohn, for executor.

Carleton & Stern (Emanuel A. Stern, of counsel),
for contestant.

COHALAN, S.   In this accounting proceeding, which
is the third instituted by the executor, leave is asked
to sell the real estate of the testator, or a part thereof,
for the purposes set forth in section 2703 of the Code
of Civil Procedure.   The contestant has filed an answer
which puts in issue the right of the accountant to the
relief sought.

   In the last preceding accounting proceeding a sim-

ilar application was denied because the same was not instituted within eighteen months after the grant of letters. The executor now claims that the amendment of section 2705 of the Code of Civil Procedure (Laws of 1918, chap. 317) extended indefinitely the time within which such relief could be obtained.

It seems to me that the former decree of this court is a bar to the present application. But irrespective of this, I am of the opinion that the amendment to section 2705 of the Code of Civil Procedure did not have the effect claimed by the executor. Former section 2705 of the Code of Civil Procedure was limited and restricted by section 2702 of the Code of Civil Procedure as to the time in which such relief as here is asked could be sought. Section 2702 of the Code of Civil Procedure was also amended by chapter 317 of the Laws of 1918, but with no material change. The amendment merely substituted the words " except in the procecding therefor, or the proceeding in which such relief is asked shall have been commenced " in lines 9 and 10 for the words " except in a proceeding for the judicial settlement of the accounts of an executor or administrator commenced by him, or any creditor or interested party." Section 2705 of the Code of Civil Procedure, while general in its language, is still limited and restricted by the provisions of section 2702 of the Code of Civil Procedure, which is in the same title and the provisions of which apply to all proceedings brought in the Surrogates' Courts under chapter 18, title 4, article 3 of the Code of Civil Procedure. The application for leave to sell certain real estate of the testator is therefore denied.

The other issues raised by the objections filed I will refer to James A. Donegan to hear and determine.

Decreed accordingly.