WILLIAM F. BROWN, Plaintiff, *v.* ARTHUR O'NEIL and Others, Defendants.

Supreme Court, Bronx Special Term, March 2. 1925.

Executors and administrators — administrator's expenses — application to Supreme Court for order directing that final judgment in partition action require referee to pay administrator moneys for administration expenses and debts — Supreme Court has no jurisdiction to direct payment of any moneys to administrator — Surrogate's Court has exclusive jurisdiction of such motion — application as to contents of judgment should be made on settlement of judgment and not upon separate motion — fees of referee on reference to sell not in conformity with Civil Practice Act, § 1546, and excessive — no lien on real estate for payment of administration expenses.

An application to the Supreme Court for an order directing that the final judgment in a partition action shall contain a provision authorizing the referee to pay out of the moneys in his possession, to the administrator of intestate's estate, certain debts and expenses of administration should be denied, since the Supreme Court is without jurisdiction to direct payment of any moneys to an administrator. The Surrogate's Court has exclusive jurisdiction of such a motion.

Moreover, an application as to the contents of a judgment should be made on the settlement of the judgment and not upon a motion for a separate order.

The fees of the referee on the reference to sell are not in conformity with section 1546 of the Civil Practice Act, and an order granting him a greater fee than that permitted by statute is without force, since no judge or court has jurisdiction to allow fees in contravention of this statute.

There is no lien upon real estate for payment of funeral and administration expenses and debts.

MOTION in an action for partition for an order permitting referee to pay to Arthur O'Neil, as the administrator of the estate of Anne Seely, deceased, part of surplus moneys for administration expenses and debts of said estate.

*Frederick S. Rauber,* for the plaintiff.

*Edward F. Moran,* for the defendant Arthur O'Neil.

*John J. O'Brien,* guardian *ad litem,* for the infant Margaret O'Neil.

TIERNEY, J.:

The owner of the property died intestate on December 30, 1922. Letters of administration were granted to the defendant Arthur O'Neil on February 9, 1923. If the personal property was insufficient to pay the funeral and administration expenses and debts, it was the duty of the administrator to have applied to the surrogate for leave to sell the real estate. (Surrogate's Court Act, § 236.) The time to do so expired on August 9, 1924. (Id. § 233; *Matter of Engel,* 109 Misc. 514.)

This is an action for partition. An interlocutory judgment adjudicated the shares of the heirs and directed a sale. The sale has been had and confirmed. By a judgment made on October 14, 1924, the proceeds were directed to be paid into court pursuant to section 1045 of the Civil Practice Act. This was unnecessary because although the action was commenced before eighteen months had elapsed since the granting of letters of administration, the final judgment was rendered after the eighteen months had elapsed, and on proof that no proceeding to sell the real estate for payment of debts, etc., is pending, the court should have directed payment of the shares to the parties in accordance with the interlocutory judgment. (Civ. Prac. Act, § 1048.)

The administrator makes this application to have an order made that the final judgment shall contain a provision directing the referee to pay out of the moneys in his possession to the administrator certain debts and expenses of administration. An application as to the contents of a judgment should be made on the settlement of the judgment and not for a separate order. There is a judgment directing the referee to deposit the moneys in court. If he has done so, he will have no funds in his possession from which to make further payments. These will be made by direction of the court to the city chamberlain. If he has not done so he has been derelict in the performance of his duty which is to obey the direction of the court. I note that the referee has ignored the limitation of his fees on the reference to sell to $500 by section 1546 of the Civil Practice Act and obtained an order allowing him a greater fee. No

judge or court can allow fees in contravention of this statute. If the referee should retain more than the statutory amount for such services he would violate the statute and have to make restitution, and an order in derogation of the statute inadvertently made would be no protection to the referee and it would be the duty of the guardian *ad litem* to see that illegal fees were not retained by the referee. The method of computing the referee's fee is prescribed by statute. (Civ. Prac. Act, § 1546.) The court has no jurisdiction to exercise any discretion as to this or allow any fees arrived at by another method.

The underlying objection to the present application is that this court has no jurisdiction to direct payment of any moneys to the administrator. The Surrogate's Court has exclusive jurisdiction. In connection with a proceeding for leave to sell, etc., it may exercise the right to dispose of the proceeds of sale in the partition action after they have been substituted for the property. (Surrogate's Court Act, § 238.) If the administrator commenced such a proceeding within eighteen months, his remedy is by application to the Surrogate's Court. If he did not, he has lost his remedy by the lapse of time and no court can give him relief. There is no lien upon the real estate for the payment of funeral and administration expenses and debts, but their payment can be obtained from this source by the proceeding in the Surrogate's Court if timely taken.

The application is denied.